FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 MAY 22 P 2: 30

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

ANDREA LYNN MCCARTHY

CASE NO. 3:15-cr-69-J-32JRK
Ct. 1:      18 U.S.C. § 664
Forfeiture: 18 U.S.C. § 981(a)(1)(C)
            and 28 U.S.C. § 2461(c)

## INFORMATION

The United States Attorney charges:

### COUNT ONE
(Theft or Embezzlement from Employee Benefit Plan)

#### A. Introduction

At times material hereto:

#### The Defendant

1.      ANDREA LYNN MCCARTHY (MCCARTHY) was a resident of Volusia County, Florida, and an owner and Managing Member of Truss Systems, LLC (the Company.)   In her position as Managing Member, MCCARTHY was a party-in-interest and fiduciary of Truss Systems, LLC Profit Sharing Plan (the Plan.)   MCARTHY was a Plan Trustee and served as the day-to-day Plan Administrator.

#### Background

2.      The Employee Retirement Income Security Act of 1974 ("ERISA") was a federal law that established minimum standards for pension plans

in private industry and provides for rules on the federal income tax effects of transactions associated with employee benefit plans. ERISA was enacted to protect the interests of employee benefit plan participants and their beneficiaries by requiring the disclosure of financial and other information concerning the plan to beneficiaries and establishing standards of conduct for plan fiduciaries.

2. Truss Systems, LLC (the Company), was a Florida limited liability corporation located in Bunnell, Florida and was the Plan sponsor and Plan administrator. The Company was a manufacture of wooden roof trusses.

3. Truss Systems, LLC Profit Sharing Plan (the "Plan") was an employee benefit plan within the meaning of and subject to Title I of the Employee Retirement Income Security Act of 1974, as amended (hereinafter ERISA) (Title 29, United States Code, Section 1002(3)). The Plan was designed to provide retirement income to participating employees of the Company.

4. The Plan was required to publish and file annual reports (IRS Form 5500) with the Secretary of Labor pursuant to the provisions of Title I of ERISA (Title 29, United States Code, Sections 1023 – 1024).

### B. The Charge

Between on or about January 28, 2009 and June 6, 2009, in Flagler and Volusia Counties, within the Middle District of Florida, and elsewhere,

ANDREA LYNN MCCARTHY,

the defendant herein, embezzled, stole and unlawfully and willfully converted to her own use, and the use of another, moneys, funds, credits, and assets of the

Plan, in the amount of approximately $111,624.67.

In violation of Title 18, United States Code, Section 664.

## FORFEITURE

1.  The allegations contained in Count One of this Indictment are incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.  Upon conviction of a violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment, the defendant, ANDREA LYNN MCCARTHY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.  The property to be forfeited includes, but is not limited to, the following:

    > A money judgment in the amount of at least $111,624.67 representing the amount of proceeds obtained as a result of the offense charged in Count One.

4.  If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A. LEE BENTLEY, III
United States Attorney

By: *[signature]*
MARK B. DEVEREAUX
Assistant United States Attorney

By: *[signature]*
MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division